John W. Fowler, Appellant, *v.* M. O. Webster.

*Trusts and trustees—Parol trust—Evidence.*

To establish a trust by parol the evidence should be clear and convincing.

- In a bill in equity plaintiff alleged that he entered into a parol agreement with the defendant for the purchase by them of land for their joint benefit; that the contract with the vendor was made in the name of the defendant, who agreed to convey to plaintiff a half interest in the land; that plaintiff paid to the defendant from time to time sums of money to be applied to the purchase; that in violation of the agreement the defendant refused to account for the money received from the sale of stone quarried on the land, and for the proceeds of the sale of the land. The prayer was that the defendant be decreed a trustee, and that he account. The answer filed denied every allegation of the bill, and the testimony of the witnesses was conflicting and irreconcilable. The acts of both plaintiff and defendant tended to indicate that the entire and absolute right of management, control and disposition of the property was in the defendant. There was evidence from which the inference could be drawn that the payments made by plaintiff were connected with a partnership for quarrying stone, which admittedly existed for a few months between the parties. *Held,* that there was no error in dismissing the bill.

Argued Feb. 25, 1897. Appeal, No. 567, Jan. T., 1896, by plaintiff, from decree of C. P. Lackawanna Co., March T., 1895, No. 1, dismissing bill in equity. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity praying that defendant be declared a trustee, and that he account.

The case was tried by a jury and the verdict was for the plaintiff.

The court, in an opinion by PURDY, P. J., of the 22d judicial district, specially presiding, did not accept the verdict, but entered a decree dismissing the bill.

The facts sufficiently appear by the opinion of the Supreme Court.

*Error assigned* among others was decree dismissing bill.

*Thomas F. Wells*, with him *Chas H. Welles*, for appellant.— The finding of the court was not conclusive: Worrall's App., 110 Pa. 362; Mirkil v. Morgan, 125 Pa. 563; McConomy v. Reed, 152 Pa. 44; Reeser's App., 100 Pa. 79.

A trust will be created even though the owner claiming to be a joint owner paid nothing at the inception of the title, if he did pay instalments of the purchase money as they fell due: Gilchrist v. Brown, 165 Pa. 275; Bear v. Koenigstein, 20 N. W. Rep. 104; Dilts v. Stewart, 1 Atl. Rep. 589; Wolford v. Herrington, 74 Pa. 315; Ackley v. Ackley, 1 Cent. Rep. 405.

*R. H. Holgate* and *J. W. Carpenter*, for appellee.—To create a resulting trust by reason of payment of purchase money the money must be paid at the inception of the title: Botsford v. Burr, 2 Johns. Ch. 414; Barnet v. Dougherty, 32 Pa. 371; Cross & Gault's App., 97 Pa. 471; Hayes's App., 123 Pa. 110; Crawford v. Thompson, 142 Pa. 551; Olcott v. Bynum, 17 Wall. 44; Niver v. Crane, 98 N. Y. 40; White v. Carpenter, 2 Paige, 218; Rogers v. Murray, 3 Paige, 390; 1 Lewin on Trusts, p. 143; Ducie v. Ford, 138 U. S. 387; 10 Am. & Eng. Ency. of Law, 8; Kendall v. Mann, 11 Allen, 15; Steere v. Steere, 5 Johns Ch. 1; Reed v. Reed, 135 Ill. 482; Whitley v. Ogle, 47 N. J. Eq. 67; Perry v. McHenry, 13 Ill. 227; Salisbury v. Black, 119 Pa. 200; Hunt v. Friedman, 63 Cal. 510; Roberts v. Ware, 40 Cal. 634; Earnest's App., 106 Pa. 310; McGinity v. McGinity, 63 Pa. 38; Hoover v. Hoover, 129 Pa. 201.

As to the question of the existence of the resulting trust the

judge was a chancellor. If the evidence was in his judgment insufficient to sustain a verdict, it was his duty to withhold it from the jury : Gilchrist v. Brown, 165 Pa. 275 ; Reno v. Moss, 120 Pa. 67 ; Wylie v. Mansley, 132 Pa. 65 ; Baker v. Williamson, 4 Pa. 470.

OPINION BY MR. JUSTICE FELL, April 12, 1897 :

The plaintiff alleges in the bill filed that he entered into a parol agreement with the defendant for the purchase by them of land for their joint benefit; that the contract with the vendor was made in the name of the defendant, who agreed to convey to the plaintiff a half interest in the land; that he paid to the defendant from time to time sums of money to be applied to the purchase ; that in violation of the agreement the defendant has refused to account for the money received from the sale of stone quarried on the land and for the proceeds of the sale of the land. The prayer is that the defendant be decreed a trustee, and for an account. The answer filed and the facts found negative every allegation of the bill. The learned trial judge finds that there was no agreement between the parties for the purchase of the land in question, that the plaintiff did not pay any part of the purchase money or offer to pay any, and that the payments made by him from time to time were on account of a partnership transaction between the parties for the quarrying of stone upon the land. If these findings are correct it follows that the decree dismissing the bill is right, and it is unnecessary to consider whether a resulting trust will arise in favor of one who paid no part of the purchase money at the time the title was acquired, but who subsequently made payments in fulfilment of his original agreement, but not to the extent of the interest contracted for and claimed.

The testimony of the witnesses was conflicting and irreconcilable, and in reaching a conclusion the learned judge gave great but not undue weight to the conduct of the parties. The question was one of intention, and in determining this the acts of the parties in relation to the land were of the first importance. The option to buy the land and the contracts of purchase were secured solely by the defendant, and the title taken in his own name. The payment of the price was made by him as the instalments fell due, without an offer by the plaintiff to

assist, or a recognition by him in any way of an obligation on his part to meet the payments. During the time when, if the alleged agreement existed, the plaintiff was in default in his payments, he loaned money to the defendant and procured loans for him from others. The defendant without consultation with the plaintiff leased a part of the land, erected at his own expense a dwelling house and other valuable improvements on another part of it, and constructed a railroad three miles in length in order to market the stone. All of these acts are more or less inconsistent with the claim of joint ownership. Together they indicate that the entire and absolute right of management, control and disposition of the property was in the defendant. On the other hand the payment of money made by the plaintiff may be explained as connected with the partnership for quarrying stone, which admittedly existed for a few months between the parties.

The case is not free from doubt, but we are not satisfied that there was any error in the findings upon which the decree was based. To establish a trust by parol the evidence should be clear and convincing. The testimony was very carefully considered by the learned judge of the common pleas, and we agree with him that it was not sufficient to establish the plaintiff's claim.

The decree is affirmed at the cost of the appellant.